NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDUARDO H. JIMENEZ PEREZ,[1]<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>    Defendants. | No. 25cv3000 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

Pending before the Court are several filings from *pro se* Petitioner Eduardo H. Jimenez Perez, including: (1) his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, D.E. 1 ("Petition") and several exhibits thereto, D.E. 1-4; (2) a "Motion to Vacate Administrative Termination and Reopen Case Following Payment of Filing Fee," D.E. 3 ("Motion to Vacate"); (3) an "Emergency Motion for Temporary Stay of Removal Pending Final Disposition of Habeas Corpus Petition" pursuant to 28 U.S.C. § 2241, D.E. 4 ("Emergency Motion"); and most recently, a (4) "Supplemental Motion for Expedited Consideration of Emergency Temporary Stay of Removal" D.E. 5 ("Supplemental Emergency Motion").

Having reviewed the Petition, Motion to Vacate, Emergency Motion, Supplemental Emergency Motion, along with their supporting documents, the Court has determined it lacks jurisdiction over this action and will therefore **DISMISS** the Petition ***without prejudice***.

---

[1] Petitioner's name appears on the Court's docket as Eduardo H. "Jimenez Prez." Upon review of his submissions, D.E. 1, it appears Petitioner's surname is "Jimenez Perez." The Court has corrected the caption accordingly.

I.      **BACKGROUND**

    A.      **Immigration Proceedings**

Jimenez Perez, a lawful permanent resident of the United States since 2006, Petition, Ex. B at 2[2], was taken into immigration custody by the Department of Homeland Security ("DHS") on February 12, 2014, allegedly without prior service of a Notice to Appear ("NTA"). Petition at 5. According to the Petition, Jimenez Perez did not receive a copy of the NTA until his initial appearance before the Newark Immigration Court on March 3, 2014. *Id.* at 4-5. The NTA, which was filed on the same day as his arrest, lacked critical information including the time and date of the hearing and was also not accompanied by any certificate of service. *Id.* at 6-7.

Jimenez Perez filed a motion to compel disclosure of evidence in the Immigration Court, which was denied. *Id.* at 9. The Immigration Court then directed Jimenez Perez to submit FOIA requests, which he did, and those requests subsequently went unanswered. *Id.* In an Order dated September 8, 2015,[3] the Immigration Court: (1) directed Jimenez Perez to be removed to the Dominican Republic and (2) denied deferral and withholding of removal under the Convention Against Torture.[4]

On February 22, 2016, Jimenez Perez was granted release from DHS custody under bond and placed into ICE/ISAP[5] supervision, a status he has remained under for more than a decade

---

[2] Because Jimenez Perez's exhibits were all filed within D.E. 1-4, the Court uses the page numbers automatically generated by CM/ECF.
[3] Pursuant to Fed. R. Ev. 201(b), the Court takes judicial notice of this filing, which Respondent filed as Exhibit D to its Answer, D.E. 5-4 in Jimenez Perez's Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 in *Perez v. Green et al.*, No. 15-cv-7124 (D.N.J. filed Sept. 30, 2015).
[4] *See August v. Ridge*, 395 F.3d 123, 129-30 (3d Cir. 2005) (describing history of ratification of Convention Against Torture by the United States).
[5] ICE stands for U.S. Immigration and Customs Enforcement, and ISAP stands for Intensive Supervision and Appearance Program. Available at U.S. Immigration and Customs Enforcement, www.ice.gov.

without a final order of removal. Petition at 3, n. 2 and 4. Jimenez Perez contends he has been trapped in legal limbo since the "2016 remand." *Id.* at 12. According to Exhibit I[6] to the Petition, the Bureau of Immigration Appeals ("BIA") reopened proceedings in 2016 "solely to address new developments in [Jimenez Perez's] claim for protection under the Convention Against Torture ("CAT")." D.E. 1-4 at 77.

On March 3, 2025, in response to removal proceedings initiated by DHS, Jimenez Perez filed a motion to terminate removal proceedings on the basis that DHS failed to meet its burden of proving removability. Petition at 10; Exhibit K. The IJ declined to rule on that motion, citing the BIA remand from 2016 that restricted adjudication of Jimenez Perez's case to his CAT claim only, thereby precluding any review of jurisdictional or statutory grounds for removal. Exhibit K.[7]

Jimenez Perez is now scheduled to appear at an Individual Hearing on June 3, 2025, before the Newark Immigration Court. Emergency Motion at 2; Exhibit A. In anticipation of the issuance of a final order of removal, Jimenez Perez filed the instant Petition for Writ of Habeas Corpus

---

[6] Exhibit I was DHS's Response to Jimenez Perez's motion to terminate the proceedings before the Immigration Court.

[7] *See also* Exhibit F "Notice of Intent" at [D.E. 1-4 at 74], which states, in part:

> You were lawfully permitted for permanent residence on May 19, 2006. On February 12, 2014, the Department of Homeland Security (DHS) placed you in removal proceedings through the issuance of a Notice to Appear (NTA). On September 08, 2015, the Immigration Judge ordered you removed from the United States. On October 15, 2015, you filed an appeal with the Board of Immigration Appeals (BIA). On January 29, 2015, the BIA dismissed your case.
>
> On April 20, 2015, you filed a motion to reopen proceedings with the BIA. You also withdrew another motion submitted to the BIA on February 22, 2016. On June 16, 2016, the BIA granted your motion to reopen proceedings. However, your case was remanded to the Immigration Court *solely to address new developments in claim for protection under the Convention Against Torture.*

Although not dispositive for present purposes, the Court notes that the history and dates in the Notice of Intent do not entirely match the procedural history alleged in the Petition.

under 28 U.S.C. § 2241, in which he brings several constitutional and statutory challenges to the validity of the removal proceedings and to his continued supervision without formal adjudication. Petition at 2-4.

In particular, Jimenez Perez asserts six claims for relief under Section 2241: (1) the NTA was defective and did not vest jurisdiction in the immigration court; (2) ICE supervision constitutes unlawful custody in violation of due process; (3) DHS has failed to prove that his conviction under 18 U.S.C. § 846 conviction qualifies as an aggravated felony under the Immigration and Nationality Act ("INA"); (4) the immigration judge ("IJ") refused to adjudicate his motion to terminate proceedings; (5) administrative remedies have been constructively exhausted due to agency inaction; and finally, (6) a stay of removal pending resolution of his habeas petition. Petition at 13-19.

## II. JURISDICTIONAL ANALYSIS

### A. Habeas Jurisdiction

"For a court to have jurisdiction over an immigration-related habeas corpus claim, the petitioner must be in the "custody" of the federal immigration agency." *Kumarasamy v. Att'y Gen. of U.S.*, 453 F.3d 169, 172 (3d Cir. 2006), *as amended* (Aug. 4, 2006) (citing 28 U.S.C. § 2241(c)[8]; Gordon, Charles, Stanley Mailman & Stephen Yale-Loehr, Immigration Law and Procedure § 104.04 (2005)). However, an individual "need not be incarcerated to be considered in custody for purposes of § 2241." *Id.* (cleaned up). In criminal cases, individuals who have been released subject to significant restrictions imposed on his or her freedom are "in custody" under § 2241. *Id.* At least four Circuit Courts have extended this principle to aliens who are subject to a final

---

[8] 28 U.S.C. § 2241(c)(3) provides, "[t]he writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States."

order of deportation. *Id.* at 173 (citing *Simmonds v. INS*, 326 F.3d 351, 356 (2d Cir. 2003); *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001); *Mustata v. United States Dep't of Justice*, 179 F.3d 1017, 1021 n. 4 (6th Cir. 1999); *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995)). In these cases, it is the *final* order of removal that imposes substantial restraints on liberty and meets the "in custody" requirement.

The only immigration case Jiminez Perez cites in support of his argument that he is in custody for habeas jurisdictional purposes is *Zadyvdas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court noted "statutory changes left habeas untouched as the basic method for obtaining review of continued custody after a deportation order had become final[.]" *Id.* at 687. In *Zadvydas*, the petitioners "challenge[d] the extent of the Attorney General's authority under the post-removal-period detention statute." *Id.* at 688. The petitioners met the habeas "in custody" requirement because they were subject to final orders of removal.

Here, in contrast, Jimenez Perez seeks to *stay removal proceedings that could result in a final order of removal.* Emergency Motion at 2. Courts have not widened the habeas definition of "in custody" to include aliens who are under supervised release but who are not yet subject to a final order of removal and this Court declines to do so now. Therefore, this Court lacks habeas jurisdiction over the Petition. The claims challenging his removability, which Jimenez Perez seeks to raise here based on constructive exhaustion of administrative remedies, will be ripe for challenge in a petition for review before the Third Circuit pursuant to 8 U.S.C. § 1252(a)(5), and § 1252(b)(9).

    **B.**    **Jurisdiction under the Administrative Procedure Act, 5 U.S.C. §§ 702, 706.**

Jimenez Perez also asserts jurisdiction under the Administrative Procedure Act ("APA"). The APA does not confer jurisdiction where Congress has precluded judicial review or where the

relevant action is committed to agency discretion by law. *See* 5 U.S.C. § 701(a)(1)-(2). Nor does the APA apply when the petitioner has another adequate remedy in court. *See* 5 U.S.C. § 704. In the immigration context, judicial review of removal-related claims is governed exclusively by the provisions of the INA, particularly 8 U.S.C. §§ 1252(a)(5) and 1252(b)(9). Section 1252(a)(5) provides that a petition for review in the court of appeals is the "sole and exclusive means for judicial review of an order of removal." Section 1252(b)(9) consolidates all legal and factual questions arising from removal proceedings into a single petition-for-review process, effectively channeling those claims away from district courts. *See Jennings v. Rodriguez*, 583 U.S. 281, 316, (2018) ("[W]hen an alien raises a claim related to his removal, § 1252(b)(9) closes all but two avenues for judicial review.")

The Third Circuit addressed this issue directly in *Tazu v. Attorney General*, 975 F.3d 292, 296 (3d Cir. 2020), holding that § 1252(b)(9) acts as a jurisdictional bar where a petitioner's claims arise from, or are inextricably linked to, the execution or adjudication of removal proceedings. There, as here, the petitioner attempted to invoke district court jurisdiction over procedural and substantive issues allegedly arising outside of final removal review. The Third Circuit emphasized that even if a claim is framed as constitutional or procedural, it is barred if it ultimately arises from removal proceedings. *Id.*

Applying *Tazu* to this case, with claims involving an alleged jurisdictional defect in the NTA, a failure by DHS to carry its burden of proof on removability, and an alleged refusal by the immigration judge to rule on a motion to terminate, these claims arise directly from, or are closely intertwined with, ongoing removal proceedings. To the extent Jimenez Perez seeks judicial oversight over agency conduct or procedure, such relief must be pursued through the petition-for-review framework upon issuance of a final order, not under the APA in the district court. Even if

no final order has issued, the APA cannot override Congress's clear intent to centralize removal-related claims within the court of appeals framework.

Accordingly, this Court lacks jurisdiction under the APA as well. Jimenez Perez's remedies lie in exhaustion of administrative procedures potentially resulting in a final order of removal, and subsequent review in the appellate forum or "in custody" habeas jurisdiction.

III.   **CONCLUSION**

This Court lacks jurisdiction under § 2241 because Jimenez Perez fails to meet the jurisdictional "in custody" requirement, and his claims fall outside APA review. The Court will therefore **DISMISS** the Petition *without prejudice*. Further, the Court will **DISMISS** his: (1) Motion to Vacate, D.E. 3; (2) Emergency Motion, D.E. 4; and (3) Supplemental Emergency Motion, D.E. 5, all as **MOOT**. This preserves Jimenez Perez's ability to seek relief in the appropriate forum if a final order of removal issues, or if he becomes subject to conditions amounting to custody. An appropriate order accompanies this Opinion.

Dated: May 21, 2025

*[signature]*
Evelyn Padin, U.S.D.J.